

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00004-CV

N&J ENTERPRISES, LLC                                       APPELLANT

V.

KERRY OWENS AND JAMES                                     APPELLEES
HANDY

----------

## FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant N&J Enterprises, LLC attempts to appeal from the trial court's order dated October 25, 2010, in *Ha T.N. Frasier v. Robert L. Frasier*, No. 231-374356-04, in which the trial court denied N&J Enterprises's motion to release escrow funds; ordered the release of $25,000 "under file number 2041000030" to Appellee Kerry Owens, a receiver; ordered Owens to pay $5,000 to Appellee

---

[1]*See* Tex. R. App. P. 47.4.

James Handy, another receiver; and ordered Owens to distribute the remaining $20,000 "in accordance with the prior orders of this court."

On January 11, 2011, we notified N&J Enterprises that this court was concerned that the order N&J Enterprises was attempting to appeal did not appear to be a final judgment or an appealable interlocutory order and also that there was no indication that the case had been reinstated after its abatement due to bankruptcy.[2] *See* Tex. R. App. P. 8.3. We informed N&J Enterprises that its appeal was subject to dismissal for want of jurisdiction unless, by January 21, 2011, it filed a response showing grounds for continuing the appeal and a notice of bankruptcy, a motion conforming to rule of appellate procedure 8.3, or a copy of the trial court's order reinstating the case.

N&J Enterprises filed a motion to reinstate and attached a certified copy of the federal court's January 4, 2010 order dismissing the bankruptcy case, but it did not address our concern that the trial court's October 25, 2010 order was not a final judgment or an appealable interlocutory order. *See, e.g., Art Inst. of Chicago v. Integral Hedging, L.P.,* 129 S.W.3d 564, 570–73 (Tex. App.—Dallas 2003, no pet.) (noting an exception to the one final judgment rule for discrete orders in receivership but observing that partial advances against a final fee award during a pending receivership are not subject to appeal under the

---

[2]This court was notified that a suggestion of bankruptcy had been filed in this case on September 16, 2009, and that the trial court had ordered the case abated on February 22, 2010.

exception).  *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1) (Vernon 2008) (stating that a person may appeal from an interlocutory order that *appoints* a receiver), *with Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment.").  Accordingly, we dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f).


PER CURIAM

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED:  March 10, 2011